Alexander AKOPIAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70014.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

Alexander Akopian, Glendale, CA, Pro se.

CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, Greg D. Mack, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Alexander Akopian, a native of Azerbaijan and citizen of Armenia, petitions for review of the denial of his application for asylum, withholding of removal and protection under the Convention Against Torture by the Board of Immigration Appeals ("BIA"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The BIA adopted and affirmed the findings of the IJ without opinion. We review the IJ's decision as the final agency determination for substantial evidence and will reverse only if the record compels a contrary conclusion. *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004).

The Immigration Judge ("IJ") found Akopian failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground. *See* 8 U.S.C. § 1158(a) (granting Attorney General discretion to grant asylum status to alien refugees); 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

▌ "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Akopian's five-day detainment while under investigation for murder does not compel a finding of persecution. *See, e.g., Tarubac v. INS*, 182 F.3d 1114, 1118 (9th Cir.1999) (finding persecution where petitioner had been harassed by members of a violent, revolutionary group in her home; threatened with death; kidnaped; blindfolded and held for three days without food; and repeatedly harassed after escape); *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995) (affirming BIA's denial of asylum where petitioner had been arrested, kicked and beaten by police and detained for a day). Though official retaliation for whistleblowing may amount to persecution, the record here does not compel such a conclusion. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000).

▌ Akopian also testified to instances of discrimination based on his inability to speak Armenian which neither rise to the level of persecution nor took place on account of a protected ground. Akopian suffered no alleged persecution during the last three years he lived in Armenia and his wife and children remain in Armenia.

Cumulatively or severally, these incidents do not compel a finding of persecution. *See Chand v. INS*, 222 F.3d 1066, 1074 (9th Cir.2000).

▌ The standard for withholding of removal is stricter than that for asylum. *Prasad*, 47 F.3d at 340. Because the asylum petition fails, Akopian's petition for withholding of removal fails as well.

▌ Akopian's claim for protection under the Convention Against Torture also fails. Akopian has not established that it is "more likely than not" that he will be the victim of a "particularized threat" of torture if he returns to Armenia. *See Lanza v. Ashcroft*, 389 F.3d 917, 935–36

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2004); *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**